### John Healy *v.* Hudson Kinsley.

Where a witness is objected to as the party in interest; the objection may be sustained either by examining him on his *voir dire,* or by calling other witnesses to prove the alleged fact.

Whether the objecting party may resort to both modes of eliciting the fact? *Quere.*

The defendant suffered judgment in the Marine Court, and appealed upon the ground stated in the opinion.

*Henry Brewster*, for the defendant.

*Michael Doheny*, for the plaintiff.

By the Court. Ingraham, First J.—Upon the trial of this case the plaintiff called as a witness, Michael Healy. The defendant objected to the examination of the witness, on the ground that he was a partner of the plaintiff, and therefore a party in interest, and offered to call witnesses to prove that fact. This objection the justice overruled stating that

Healy *v.* Kinsley.

if it should appear at any time, he could strike out his testimony.

Subsequently, the defendant offered to call witnesses to prove that Michael Healy was a party in interest, which the justice refused to allow, or to give proof of that fact, and offered to allow him to examine Michael Healy on his *voir dire*, which the defendant declined.

Upon all objections to a witness as interested, before the adoption of the Code, a party had a right to prove such interest, either by an examination of the witness himself, on his *voir dire*, or by calling other witnesses to prove that fact. (1 Phil. Ev. 134; Cow. & Hill's notes, note 250, and cases there cited; 2 Cow. 968.) It may not be well settled that a party can resort to both modes to destroy the competency of a witness, but that he has an election as to either, I have never known to be doubted.

With much more force may it now be urged that a party has a right to call witnesses to prove that an adverse witness is the party in interest, when this very fact may, by pleading, be made a matter in issue in the cause, and such was one of the issues directly made by the defendant's answer in this case.

The defendant had a right to show that the witness was the party in interest by other witnesses than himself, even if not so made a matter in issue, to the same extent that he could have shown it by examining the witness on his *voir dire ;* he might prove that like any other fact in the case, by such witnesses as he thought fit to call for that purpose, and was not confined in the proof of that fact to an examination of the witness himself, to whom he objected.

The court below erred in excluding the offered testimony, and the judgment must be reversed.

Judgment reversed.